**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MING HUI, individually and on behalf of all
others similarly situated,

                            Plaintiff,           **REPORT AND RECOMMENDATION**

     -against-                            **15-CV-7295 (RJD) (ST)**

SHORTY'S SEAFOOD CORP., LUFEI LEE,
HUA LONG JI, and JOHN/JANE DOES #1-10,

                            Defendants.
----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Plaintiff Ming Hui brought this action on December 22, 2015, asserting several claims

under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York

Labor Law (the "NYLL") against defendants Shorty's Seafood Corp. ("Shorty's Seafood"),

Lufei Lee ("Lee"), Hua Long Ji ("Ji"), and John and Jane Does #1-10. *See* Dkt. No. 1 ("Compl."

or the "Complaint"). Following Shorty's Seafood's and Ji's failure to appear, answer, or

otherwise respond to the Complaint despite proper service (Dkt. Nos. 5, 6, 7 (Executed

Summonses)), Plaintiff filed a request for a certificate of default against Shorty's Seafood and Ji

from the Clerk of the Court on June 27, 2016. Dkt. No. 9.[1] The Clerk of the Court entered a

default against Shorty's Seafood and Ji on July 29, 2016. Dkt. No. 10. On October 14, 2016,

Plaintiff moved for default judgment against Shorty's Seafood and Ji, seeking damages for FLSA

and NYLL violations, liquidated damages, prejudgment interest, attorney's fees, costs, and

disbursements. *See* Dkt. No. 13. Plaintiff supplemented the motion for default judgment on

---

[1]     No affidavit of service upon Lee was filed with the Court (*see* Dkt. No. 8 (Status
Report)), nor was a certificate of default entered or a motion for default judgment filed against
Lee. Accordingly, I respectfully recommend that all claims against Lee be dismissed.

October 27, 2016. Dkt. No. 17. On November 2, 2016, District Judge Raymond J. Dearie

referred the motion to me for a report and recommendation.

Based on a review of the well-pleaded allegations and evidence presented in Plaintiff's

filings, I respectfully recommend that the Court grant the motion for default judgment against

defendants Shorty's Seafood and Ji and enter a total award in the amount of $46,168.62,

comprising: (i) $37,100.17 in damages and prejudgment interest; (ii) $8,615.00 in attorney's

fees; and (iii) $453.45 in costs and disbursements.

## I.    BACKGROUND[2]

Plaintiff Ming Hui worked as a seafood brokerage agent for Shorty's Seafood's seafood

brokerage business located in Queens, New York from approximately March 2014 to April 2015.

Compl. ¶¶ 7-9; Dkt. No. 17 ("Hui Decl." or the "Hui Declaration"), ¶ 2. Defendants Lufei Lee

and Hua Long Ji are allegedly the owners, officers, directors and/or managing agents of Shorty's

Seafood. Compl. ¶¶ 12-15. Plaintiff's work schedule and general work conditions were set by

Lee and Ji. *Id.* When he was hired, Plaintiff was promised a fixed salary of $3,000.00 per month.

Hui Decl. ¶ 3; Compl. ¶ 34.

Plaintiff did not have a set schedule; the number of hours he worked depended on the

tasks or accounts he was working on, and whether he was traveling domestically or

internationally. Hui Decl. ¶¶ 3-6; Compl. ¶¶ 24-33. From March 2014 to June 2014, Plaintiff

---

[2]      On a motion for default judgment, the Court is "required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Thus, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (affirming liability of defaulting defendant based upon "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiff[ ]").

worked approximately 25 hours per month. Hui Decl. ¶ 3; Compl. ¶ 26. From July 2014 to April 2015, Plaintiff regularly worked 50 hours per week. Hui Decl. ¶¶ 4-7; Compl. ¶¶ 29, 31, 33.

Plaintiff claims that: (1) he was not paid the compensation owed to him during the period from March to June 2014; (2) he was not paid overtime when he worked more than 40 hours per week between July 2014 and April 2015; (3) he was not paid spread-of-hours wages when he worked more than ten hours in one day between July 2014 and April 2015; (4) he did not receive a wage notice providing information about wage and employment laws, or a wage statement providing information about his rate of pay or hours worked; and (5) he was not reimbursed for money spent on gas and tolls while working for Shorty's Seafood. *See* Compl. ¶¶ 34-35, 37-39, 51; Hui Decl. ¶¶ 3-11.

## II.    DISCUSSION

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3

3

(E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (internal quotation marks and citations omitted), *adopted by*, 688 F. Supp. 2d 150, 151 (E.D.N.Y. 2010).

If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). When a defendant defaults in an FLSA action, the plaintiff's recollection and estimates of hours worked are presumed to be correct. *Lopez v. Yossi's Heimishe Bakery Inc.*, 2015 WL 1469619, at *3 (E.D.N.Y. Mar. 9, 2015) (citation omitted), *adopted by*, 2015 WL 1469619 (E.D.N.Y. Mar. 30, 2015).

### A.      Qualification for Protection Under the FLSA

The FLSA governs minimum wages, maximum hours, and other policies and practices affecting employees and employers. *See Sandifer v. U.S. Steel Corp.*, 134 S.Ct. 870, 875 (2014). Under the FLSA, an "employer" is broadly defined to include "any person acting directly or

indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An employee is defined as "any individual employed by an employer." *Id.* § 203(e)(1). To be protected by the FLSA's wage and overtime provisions, an employee must demonstrate either that he was "engaged in commerce or in the production of goods for commerce" or that his employer was an "enterprise engaged in commerce or in the production of goods for commerce." *Id.* §§ 203(s)(1), 207(a)(1); *see Lopez*, 2015 WL 1469619, at *3. The latter enterprise coverage "applies when an enterprise (1) 'has employees engaged in commerce or in the production of goods for commerce,' or 'has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,' and (2) has annual gross volume of sales made or business done of not less than $500,000." *Galicia v. 63-68 Diner Corp.*, 2015 WL 1469279, at *2 (E.D.N.Y. Mar. 30, 2015) (quoting 29 U.S.C. § 203(s)(1)(A)). An individual defendant may be subject to FLSA liability if he exercises "operational control" over the plaintiff-employee. *Id.*

Shorty's Seafood meets the definition of an employer under the FLSA: the allegations in the Complaint, combined with documentary evidence submitted in support of the instant motion, suffice to establish that Shorty's Seafood is a seafood brokerage in Queens (with another location in New Jersey); that Shorty's Seafood has annual revenues in excess of $500,000; and that Shorty's Seafood is engaged in interstate commerce in the purchase of goods or materials to support the brokerage's function. Hui Decl. ¶¶ 2, 4, 5, 9; Compl. ¶¶ 7-11, 24, 29, 31; *see Cardoza v. Mango King Farmers Mkt. Corp.*, 2015 WL 5561033, at *3-4 (E.D.N.Y. Sept. 1, 2015) (finding food supplier was employer for FLSA purposes based on similar allegations), *adopted by*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015); *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) ("As a restaurant, it is reasonable to

infer that Las Delicias requires a wide variety of materials to operate, for example, foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more. It is also reasonable to infer that some of these materials moved or were produced in interstate commerce."), *adopted by*, 93 F. Supp. 3d 19, 23 (E.D.N.Y. 2015).[3]

With regard to whether Ji was Plaintiff's employer for FLSA purposes, the Second Circuit has identified the factors to consider as "whether the alleged [individual] employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103-05 (2d Cir. 2013) (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). The touchstone in determining whether an individual is an employer is his "operational control" over employees, meaning whether the individual exercises control over and makes decisions that "directly affect the nature or conditions of the employees' employment." *Irizarry*, 722 F.3d at 110.

Plaintiff's allegations regarding Ji, especially regarding Ji's control over Plaintiff's work schedule and pay, suffice to establish that Ji was Plaintiff's employer under the FLSA. *See* Compl. ¶ 15 ("Ji owns the stock of Shorty's Seafood . . . and manages and makes all business

---

[3]    A plaintiff must allege *specific* facts to allow the Court to infer liability rather than relying on mere "labels and conclusions" or a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Complaint here nearly contains such a "formulaic recitation" insufficient to establish liability—especially considering the relative lack of corroborating information about Shorty's Seafood in the Hui Declaration—I conclude that the allegations about Shorty's Seafood's engagement in the seafood brokerage business and Plaintiff's involvement in arranging for purchases, sales, and inspections of seafood products suffice to establish that Shorty's Seafood is an employer for FLSA purposes. *See* Hui Decl. ¶¶ 2, 4, 5, 9; Compl. ¶¶ 7-11, 24, 29, 31; *see also Cardoza*, 2015 WL 5561033, at *3-4 ("Courts in this District have found recitations of the [FLSA] standard, such as that proffered here by Plaintiffs, to be insufficient to establish liability under the FLSA. . . . However, '[s]ome judges in this district have inferred FLSA coverage from the nature of the employer's business, notwithstanding . . . pleading deficiencies.'") (citations omitted).

decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work."); *id.* ¶ 14. Furthermore, Plaintiff adequately establishes that Shorty's Seafood and Ji were Plaintiff's employers, acted jointly with respect to the pertinent wage practices, failed to pay Plaintiff the wages required by state and federal law, and failed to provide Plaintiff with required notices and wage statements. *See generally id.* ¶¶ 8-105. Accordingly, I conclude that Shorty's Seafood and Ji were Plaintiff's employers under the FLSA. *See Lopez*, 2015 WL 1469619.

### B.      Qualification for Protection Under the NYLL

As with the FLSA, the NYLL covers certain activities or practices affecting employers and employees. The NYLL defines an employer as a "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." NYLL § 190(3). An employee is defined as "any person employed for hire by an employer in any employment." *Id.* § 190(2).

"[U]nder the NYLL, 'the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results.'" *Meyer v. U.S. Tennis Ass'n*, 607 F. App'x 121, 122 (2d Cir. 2015) (summary order) (quoting *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198, 770 N.Y.S.2d 692, 694-95 (2003)). The relevant factors in this analysis include whether the worker: "(1) worked at his own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) was on a fixed schedule." *Bynog*, 1 N.Y.3d at 198, 770 N.Y.S.2d at 695 (citations omitted).

Plaintiff has made a meager showing, but I ultimately conclude that "in view of the overarching . . . degree of control" exercised by Shorty's Seafood and Ji, the *Bynog* factors favor

a finding of an employment relationship here. *See Mahoney v. Amekk Corp.*, 2016 WL 6585810, at *8 (E.D.N.Y. Sept. 30, 2016), *adopted by*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016). As an initial matter, for the majority of the time period at issue here, Plaintiff claims that he worked 50 hours per week, including attending client meetings and traveling to different ports to inspect seafood products, indicating that the work was not at Plaintiff's convenience. Hui Decl. ¶¶ 4-7; Compl. ¶¶ 27-33. Furthermore, as discussed above, Shorty's Seafood and Ji exerted complete control over Plaintiff's work schedule and pay. *See* Compl. ¶¶ 14, 15, 24-37. Plaintiff's schedule changed and his flexibility increased over time, but Plaintiff worked consistently for Shorty's Seafood. *See* Hui Decl. ¶¶ 3-6. Plaintiff's schedule was always somewhat flexible, but he alleges a consistent number of hours worked per week during the majority of his tenure. *Id.* There is also no evidence that Plaintiff was on any payroll, as Plaintiff does not specify how he was paid, and there is no evidence as to whether Plaintiff was free to engage in other employment or if he received fringe benefits, so these factors are neutral. *Mahoney*, 2016 WL 6585810, at *7 (finding factor neutral when second amended complaint was "silent"). Considering the *Bynog* factors "under the circumstances, and in view of the overarching . . . degree of control exercised by [Shorty's Seafood and Ji]," I find that Plaintiff qualifies as an employee under the NYLL and Shorty's Seafood and Ji qualify as Plaintiff's employers. *Id.* at *8.[4]

"As the Court has found that [Shorty's Seafood] and [Ji] were jointly Plaintiff['s] employers, each [of them] is jointly and severally liable under the FLSA and the NYLL for any

---

[4]      In light of my conclusion that Ji was Plaintiff's employer under the FLSA, I also recommend that the Court find that Ji was Plaintiff's employer for purposes of NYLL liability as well. *See id.* at *9 (concluding that the standards for defining employers are coextensive under the FLSA and the NYLL).

damages award made in Plaintiff['s] favor." *Fermin*, 93 F. Supp. 3d at 37; *accord Mahoney*, 2016 WL 6585810, at *9.

### C.   Liability and Damages

I read the Complaint to raise several claims under the FLSA and New York state law: (i) failure to pay Plaintiff for certain unpaid straight time hours in violation of NYLL § 198(3); (ii) failure to pay Plaintiff an overtime premium when he worked more than 40 hours in a week in violation of 29 U.S.C. § 207 and 12 N.Y.C.R.R. § 146-1.4;  (iii) failure to pay Plaintiff a spread-of-hours premium in violation of 12 N.Y.C.R.R. § 146-1.6; (iv) failure to reimburse Plaintiff for "tools of the trade" expenses that he incurred in violation of 29 U.S.C. § 206(a); and (vi) failure to comply with the written notice and wage statement requirements of NYLL § 195. I will discuss each of these claims in turn.[5]

By defaulting, a defendant admits to all of the well-pleaded allegations concerning liability, but not those pertaining to damages. *Greyhound Exhibitgroup*, 973 F.2d at 158. As stated above, once liability is established as to a defaulting defendant, the plaintiff must still establish damages to a "reasonable certainty." *Credit Lyonnais*, 183 F.3d at 155.[6] Here, Plaintiff seeks a judgment in the combined amount of $85,808.41 in damages and prejudgment interest,

---

[5]     The Complaint also asserts a claim under New York General Business Law § 349. Compl. ¶¶ 103-05. Plaintiff does not allege sufficient information regarding the willful filing of "fraudulent information" to permit recovery, and indeed, Plaintiff does not mention this claim in his memorandum of law or damages calculation. Accordingly, I do not analyze this claim in consideration of the instant motion.

[6]     Under Rule 55, the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). However, a hearing is not required, as detailed affidavits and other documentary evidence can suffice. *Sun v. AAA Venture Capital, Inc.*, 2016 WL 5793198, at *3 (E.D.N.Y. Sept. 12, 2016) (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)), *adopted as modified by*, 2016 WL 5868579 (E.D.N.Y. Oct. 6, 2016). Here, the Complaint, the Hui Declaration, and other filings are sufficiently detailed and a hearing is not necessary.

plus $9,427.45 in attorney's fees, costs, and disbursements. *See* Dkt. No. 15-5 (Computation of Damages); Dkt. No. 14 (Memorandum in Support), at 11, 15.[7]

       1.    <u>Plaintiff's Hourly Compensation</u>

Before delving into analysis of Plaintiff's claims regarding unpaid hours, the Court must provide some context. Plaintiff's employment can be broken into two periods: first, from March 1, 2014 to June 30, 2014; and second, from July 1, 2014 to April 30, 2015. Plaintiff maintains that he was promised a monthly salary of $3,000.00 for his entire employment (*i.e.*, from March 1, 2014 to April 30, 2015). Hui Decl. ¶¶ 3-8; Compl. ¶¶ 26-35. But he provides no further information about any negotiations with Shorty's Seafood or Ji, or about the specific terms of an agreement regarding his employment. Nor does he provide any evidence or documentation beyond one conclusory statement in his own declaration and in the Complaint to support the existence of such an agreement. *See* Hui Decl. ¶ 3; Compl. ¶ 34.

In effect, Plaintiff wants to have it both ways. For the former period from March 1, 2014 to June 30, 2014, Plaintiff would have the Court conclude he was a salaried employee owed $3,000.00 per month regardless of the number of hours he worked. But during the latter period, from July 1, 2014 to April 30, 2015, Plaintiff claims that he was not paid an overtime premium, effectively objecting to his hourly rate of pay. *See Herrara v. 12 Water St. Gourmet Cafe, Ltd.*, 2016 WL 1274944, at *5 (S.D.N.Y. Feb. 29, 2016) (salary received by employee is only compensation for first 40 hours of workweek, unless employer and employee "intend and understand the weekly salary to include overtime hours at the premium rate") (internal quotation marks and citation omitted), *adopted by*, 2016 WL 1268266 (S.D.N.Y. Mar. 31, 2016); *see also*

---

[7]     All of the alleged violations occurred less than two years before the filing of the Complaint in this action, so all of Plaintiff's claims fall within the limitations period for FLSA and NYLL claims. *See* 29 U.S.C. § 255(a); NYLL §§ 198(3), 663(3).

*Chen v. New Fresco Tortillas Taco LLC*, 2015 WL 5710320, at *3 (S.D.N.Y. Sept. 25, 2015)

(assigning weekly salary to only first 40 hours worked and calculating overtime wage owed for

each hour of overtime), *adopted by*, 2017 WL 818469 (S.D.N.Y. Mar. 1, 2017). The Court

should not permit Plaintiff to pick and choose whether he is an hourly or salaried employee on a

whim, solely to maximize his recovery in this lawsuit.

An illustration demonstrates the absurdity of Plaintiff's proposed approach. If the Court

were to apply Plaintiff's $3,000.00 monthly salary to the first 40 hours worked each week during

the period from July 2014 through April 2015, as suggested by *Herrara* and *Chen*, then Plaintiff

would have earned an hourly wage of $17.31.[8] In contrast, if the Court were to apply the

$3,000.00 monthly salary to the 25 hours Plaintiff claims that he worked *each month* from April

1, 2014 through June 30, 2014, then Plaintiff's hourly wage would have been a whopping

$120.00. Ultimately, two lines in the Hui Declaration and the Complaint do not suffice to

establish to a reasonable certainty that Plaintiff is entitled to such sizeable damages. *See* Hui

Decl. ¶ 3 ("At the time of my hiring, I was promised a fixed salary of $3,000 per month. I was

not paid for [the period from April 2014 to July 2014].")); Compl. ¶ 34 ("At the time of hiring,

Plaintiff was promised a fixed monthly compensation of $3,000, meaning 692.3 per week."). The

Court should not permit Plaintiff to manipulate his status as a salaried or hourly employee to

---

[8]      To determine Plaintiff's hourly wage, Plaintiff's counsel converted Plaintiff's monthly salary into a weekly salary by multiplying the monthly salary by twelve, and dividing the result by 52. *See* Dkt. No. 15-5 (Computation of Damages). Here, a salary of $3,000.00 per month, multiplied by 12 and divided by 52, results in a weekly salary of approximately $692.31.To determine Plaintiff's hourly wage, this number is divided by 40; according to these calculations, Plaintiff's hourly wage was $17.31. *See Chen v. New Fresco Tortillas*, 2015 WL 5710320, at *3. The federal minimum wage was $7.25 per hour at all times relevant to this litigation (29 U.S.C. § 206(a)(1)(C)), and the New York minimum wage was $8.00 per hour from December 31, 2013 to December 30, 2014, and $8.75 per hour from December 31, 2014 to December 30, 2015. NYLL § 652(1). When Plaintiff earned $17.31 per hour, there were no minimum wage violations, and accordingly, Shorty's Seafood and Ji are not liable for minimum wage violations.

maximize his damages, and to effectively (albeit temporarily) increase his hourly wage nearly seven-fold. Accordingly, I conclude that the fairest and correct approach is to treat Plaintiff as an hourly employee earning the straight hourly rate of $17.31 for all hours worked from April 1, 2014 to June 30, 2014.

Here, Plaintiff sufficiently establishes that he performed work without compensation from Shorty's Seafood or Ji from March 2014 through June 2014. Hui Decl. ¶ 3 (stating that Plaintiff worked 25 hours per month but was not paid); Compl. ¶¶ 26, 35. Shorty's Seafood and Ji are therefore liable for not paying Plaintiff the wages to which he was entitled. While the minimal amount of information provided is not ideal, Plaintiff alleges that he did not receive any paystubs or wage statements, and Shorty's Seafood and Ji have defaulted and therefore have not contradicted Plaintiff's allegations and declaration. *See Fermin*, 93 F. Supp. 3d at 41 (recommending that employer be held liable when plaintiff alleged he did not receive any paystubs or wage statements, in light of employer's default and failure to contradict plaintiff's allegations and credible declaration). However, as discussed, Plaintiff has provided insufficient information from which the Court can ascertain to a reasonably certain degree that Plaintiff is entitled to damages in the amount of $3,000.00 for each of those months. Instead, I respectfully recommend that Plaintiff be awarded damages under the NYLL in the amount of $1,731.00 for the period from April 1, 2014 through June 30, 2014, reflecting all unpaid wages at the same straight hourly rate that Plaintiff earned in the period from July 2014 through April 2015. *Armata v. Unique Cleaning Servs., LLC*, 2015 WL 12645527, at *5 (E.D.N.Y. Aug. 27, 2015), *adopted by*, 13-cv-3625 (DLI) (RER), 9/24/2015 Docket Order; *accord Coley v. Vannguard Urban Improvement Ass'n, Inc.*, 2016 WL 4179942, at *6 (E.D.N.Y. Aug. 5, 2016) (finding defaulting employers liable for failure to pay employee at "straight time" rate).

Furthermore, as discussed, Plaintiff earned $17.31 per non-overtime hour during the period from July 1, 2014 to April 30, 2015. But Plaintiff alleges that he was not provided with overtime compensation as required by the FLSA and the NYLL. Employees who work more than 40 hours in a single workweek are entitled to an overtime wage of not less than one-and-one-half times the regular rate for the excess hours. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a); 12 N.Y.C.R.R. § 146-1.4; *see Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) ("[T]he NYLL adopts . . . the FLSA definition of overtime into the NYLL.") (internal quotation marks and citation omitted).

Case law in this Circuit has clarified the pleading standard for establishing liability for failure to pay FLSA and NYLL overtime premiums. *See Fermin*, 93 F. Supp. 3d at 44 (recommending finding of overtime liability where plaintiffs provided "concrete allegations regarding the overtime that they worked"); *accord Leon v. Port Washington Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 357-58 (E.D.N.Y. 2014); *cf. Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-90 (2d Cir. 2013) (discussing cases and concluding that "bare-bones complaint" did not adequately establish FLSA overtime liability).

Here, Plaintiff has established the liability of Shorty's Seafood and Ji for overtime violations under the FLSA and the NYLL during the period from July 2014 through April 2015. Plaintiff has provided the Court with concrete allegations regarding the overtime he worked, for which he received no premium: the Complaint and the Hui Declaration state that Plaintiff worked 50 hours per week from July 2014 to April 2015. Hui Decl. ¶¶ 4-7; Compl. ¶¶ 29, 31, 33. And there is no indication that Plaintiff and Shorty's Seafood or Ji "intend[ed] and underst[ood] [Plaintiff's] weekly salary to include overtime hours at the premium rate." *Herrara*, 2016 WL 1274944, at *5 (internal quotation marks and citation omitted); *accord Chen v. New Fresco*

*Tortillas*, 2015 WL 5710320, at *3. Accordingly, I respectfully recommend that the Court find Shorty's Seafood and Ji liable for failing to pay Plaintiff the overtime compensation to which he was entitled under the FLSA and the NYLL.

Plaintiff is entitled to an overtime hourly wage of $25.96, which is one-and-one-half times his regular rate. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a); 12 N.Y.C.R.R. § 146-1.4. Plaintiff has sufficiently established that he worked ten overtime hours each week from July 1, 2014 to April 30, 2015. Hui Decl. ¶¶ 4-7; Compl. ¶¶ 29, 31, 33. There are 43 full weeks between July 1, 2014 and April 30, 2015, so Plaintiff is entitled to damages for his unpaid overtime for that period in the amount of $11,163.46.[9]

Accordingly, Plaintiff is entitled to $12,894.46 in damages for unpaid straight time compensation and overtime.

### 2.    Spread-of-Hours Compensation

Plaintiff further alleges in the Complaint that Shorty's Seafood and Ji unlawfully failed to provide spread-of-hours compensation to Plaintiff as required by the NYLL, as there is no cause of action for spread-of-hours compensation under the FLSA. *Fermin*, 93 F. Supp. 3d at 45. The state regulation applicable to this claim requires employers to pay employees who work more than ten hours in a day for one additional hour at the minimum statutory wage rate. 12 N.Y.C.R.R. § 142-2.4.

In this case, Plaintiff is not entitled to spread-of-hours compensation. Plaintiff has not provided any concrete allegations that he worked more than ten hours in any day. Hui Decl. ¶¶ 4-6 (stating that Plaintiff "worked an average of ten (10) hours per day" without additional detail).

---

[9]     This number is derived by multiplying Plaintiff's hourly wage for each hour of overtime worked by the number of overtime hours per week and the number of weeks worked during that period.

Moreover, Plaintiff seems to have withdrawn this claim based on the fact that he does not assert any damages for unpaid spread-of-hours compensation. *See* Dkt. No. 15-5 (Damages Calculation). Accordingly, I respectfully recommend that Shorty's Seafood and Ji not be held liable for spread-of-hours compensation.

3.    <u>Liquidated Damages</u>

Plaintiff requests that he be awarded liquidated damages under both the FLSA and the NYLL for periods of underpayment. *See* Dkt. No. 14 (Memorandum in Support), at 8-9. Under the FLSA, a district court is generally required to award liquidated damages in the amount of actual damages for unpaid minimum wage and overtime compensation (*see* 29 U.S.C. § 216(b)) unless the employer can show that it acted in "good faith" and "had reasonable grounds for believing" that it was compliant with the FLSA (*id.* § 260). *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). The NYLL provides for liquidated damages in the amount of actual damages unless an employer "proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1-a). "The NYLL entitles an employee to recover all unpaid wages," including the straight time compensation not paid to Plaintiff from March 1, 2014 to June 30, 2014 here (*see Armata*, 2015 WL 12645527, at *5, *8), while the FLSA provides for liquidated damages in the amount of actual damages for just unpaid minimum wage and overtime compensation (*see* 29 U.S.C. § 216(b)).

District courts in this Circuit have disagreed about whether a plaintiff may "stack" liquidated damages under both statutes. *Compare*, *e.g.*, *Galicia*, 2015 WL 1469279, at *7 ("Because the FLSA's liquidated damages provision serves a compensatory purpose while the NYLL's serves a punitive purpose, a plaintiff may be awarded both simultaneously for the same period of underpayment.") (citations omitted), *with*, *e.g.*, *Mahoney*, 2016 WL 6585810, at *15

15

(recommending award of liquidated damages only under one statute because "[a] conclusion otherwise effectively sanctions a judge-created treble damages remedy that neither legislature—Congress nor New York—appears to have intended.") (internal quotation marks and citations omitted). I agree with the latter view and recognize the emerging trend denying a cumulative recovery of liquidated damages in light of recent amendments to the NYLL to mirror the FLSA liquidated damages provision. *E.g.*, *Pest v. Bridal Works of New York, Inc.*, -- F. Supp. 3d -- , 2017 WL 3393967, at *16-17 (E.D.N.Y. July 27, 2017); *Ortega v. JR Primos 2 Rest. Corp.*, 2017 WL 263472, at *5-6 (S.D.N.Y. June 16, 2017); *Li v. Dong*, 2017 WL 892611, at *14 (S.D.N.Y. Mar. 7, 2017); *Guardado v. 13 Wall St., Inc.*, 2016 WL 7480358, at *12 (E.D.N.Y. Dec. 2, 2016), *adopted by*, 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016).

This view was recently endorsed by the Second Circuit in *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (summary order), in which the panel issued a summary order affirming the District Court's ruling that liquidated damages should not be awarded under both the FLSA and the NYLL in a default judgment. The *Chowdhury* panel reasoned that the 2010 amendments to the NYLL show an intention "to conform [the state law provision] as closely as possible to the FLSA's liquidated damages provision." *Id.* Thus, "whatever reasons existed to award liquidated damages under the relevant provisions of both the FLSA and the NYLL before 2010, . . . the subsequent amendments to the NYLL . . . hav[e] eliminated those reasons." *Id.* Although not technically binding precedent, this Court declines "to flout germane guidance of a Circuit Court panel and to substitute its own conclusion of law." *United States v. Tejeda*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010); *see also Koehler v. Metro. Transp. Auth.*, 2016 WL 6068810, at *3 (E.D.N.Y. Oct. 14, 2016) ("Although . . . an

unpublished summary order . . . is not binding on this Court, that does not mean that the Court is free to disregard its guidance.") (citations omitted).

In this case, Plaintiff is entitled to liquidated damages under the NYLL[10] in the amount of his damages for unpaid wages, in this case $12,894.46.[11]

### 4.   Tools of the Trade

Plaintiff also alleges that he was not reimbursed for "tools of the trade" expenditures—namely, gas and tolls—in violation of the FLSA. If an employee provides "tools of the trade which will be used in or are specifically required for the performance of the employer's particular work," then it would be a violation of the FLSA if "the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him." 29 C.F.R. § 531.35. In this Circuit, "[v]ehicles . . . are considered 'tools of the trade' if employees are required to possess and utilize them in the course of their employment." *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 511 (S.D.N.Y. 2010), *adopted by*, 755 F. Supp. 2d 504, 506 (S.D.N.Y. 2010).

In this case, Plaintiff alleges and provides evidence that he spent approximately $1,200.00 on gas and tolls during his employment by Shorty's Seafood and Ji, at his own cost and for the performance of his work as a seafood broker, without reimbursement. Compl. ¶¶ 51, 99-101; Hui Decl. ¶ 9. These types of expenses may be considered "tools of the trade." *See Canelas v. World Pizza, Inc.*, 2017 WL 1233998, at *13 (S.D.N.Y. Mar. 31, 2017) (granting

---

[10]   As discussed, the only difference here between liquidated damages under the NYLL and liquidated damages under the FLSA is that Plaintiff may obtain liquidated damages under the NYLL but not the FLSA for unpaid straight time compensation. *See Armata*, 2015 WL 12645527, at *8. Accordingly, I respectfully recommend that the Court award liquidated damages under the NYLL rather than the FLSA.

[11]   Of course, by defaulting, Shorty's Seafood and Ji have not proven their good faith or reasonable belief that they were in compliance with relevant labor laws.

summary judgment on tools of trade claim for gas and maintenance costs for delivery person's car); *see also Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 299-302 (E.D.N.Y. 2013) (concluding that van operation costs, including gas and tolls, were business expenses that could not cut into minimum wage, but denying summary judgment because of absence of documentary evidence of amount of expenses).

It is a closer question whether these "tools of the trade" expenditures "cut[ ] into" Plaintiff's statutory minimum and overtime wages, since I am recommending that Plaintiff be awarded his unpaid compensation at a significantly higher rate than the statutory minimum rates. *See Lin*, 755 F. Supp. 2d at 511-12 ("The rules governing for tools of the trade are similar to the rules governing uniforms: employers can require employees to bear the costs of acquiring and maintaining tools of the trade so long as those costs, when deducted from the employees' weekly wages, do not reduce their wage to below the required minimum.") (citations omitted). But because Plaintiff was owed unpaid overtime under the FLSA, his "tools of the trade" expenditures further cut into the wage he was owed and to which he was entitled. *See Ortega*, 2017 WL 2634172, at *3 (finding liability for tools of the trade costs when plaintiff "adequately allege[d] that he was owed unpaid overtime and that the defendants failed to reimburse him for his purchase of a bicycle, bike lights, helmet, and jacket"); *Wei v. Lingtou Zhengs Corp.*, 2015 WL 739943, at *13 (E.D.N.Y. Dec. 3, 2014) ("Given that plaintiff purchased and maintained the bicycle in order to complete his duties as a delivery man, was not reimbursed for those costs, and did not receive overtime wages, the Court finds that plaintiff is entitled to damages for the cost of maintaining the electronic bicycle.") (citations omitted), *adopted by*, 2015 WL 739943, at *1 (E.D.N.Y. Feb. 20, 2015); *see also He v. Home on 8th Corp.*, 2014 WL 3974670, at *9 (S.D.N.Y. Aug. 13, 2014) (holding defendant liable for bicycle-related expenses when plaintiff

was not paid for overtime worked). In this procedural posture, I conclude that the allegations in the Complaint and the statements in the Hui Declaration suffice to establish Plaintiff's entitlement to some damages for tools of the trade expenditures. Compl. ¶¶ 51, 99-101; Hui Decl. ¶ 9.

But "[c]ourts have imposed caps and adjusted awards for [tools of the trade] expenses where plaintiffs have failed to provide a detailed explanation to support plaintiffs' expense estimates." *He*, 2014 WL 3974670, at *9 n.20 (internal quotation marks and citations omitted). Here, Plaintiff has failed to provide a "detailed explanation to support [his] expense estimates to enable the Court to evaluate the reasonableness of the amounts purportedly spent." *Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391, at *5 (S.D.N.Y. Sept. 30, 2010). Plaintiff does not state when or where he incurred tools of the trade expenses in anything but the vaguest terms. *See* Hui Decl. ¶ 9 ("During all relevant periods, I spent about $1,000 in gas and around $200 in toll fees in order to perform my required job duties such as traveling to meet clients, arranging purchases, and inspecting seafood products."); *accord* Compl. ¶ 51. Put simply, the meager showing from Plaintiff does not permit the Court to infer the reasonableness of the expenditures allegedly incurred. "Without any supporting documentation, the Court finds plaintiff's claim . . . to be excessive, and reduces that amount[.]" *Chen v. New Fresco Tortillas*, 2015 WL 5710320, at *4; *accord Cao*, 2010 WL 4159391, at *5 (reducing tools of the trade damages by two-thirds, from $1,500.00 to $500.00 per year).

Accordingly, I respectfully recommend that Plaintiff's requested damages for tools of the trade expenditures be reduced and Plaintiff be awarded $600.00 for such expenditures.

5.    <u>Written Notice and Wage Statement Violations</u>

Plaintiff also argues that Shorty's Seafood and Ji are liable for failure to provide the written notice in accordance with NYLL § 195(1) and wage statements in accordance with NYLL § 195(3).

Between April 9, 2011 and December 29, 2014, NYLL § 195(1) required an employer to provide its employees "at the time of hiring" a notice containing information about rates of pay, any allowances or credits taken by the employer, and other information. *Zheng v. Nanatori Japanese Rest. Corp.*, 2017 WL 758489, at *5 & n.5 (E.D.N.Y. Jan. 9, 2017), *adopted by*, 15-cv-1222 (RJD) (RML), Dkt. No. 31 (E.D.N.Y. Jan. 31, 2017); *accord Guaman v. Krill Contracting, Inc.*, 2015 WL 3620364, at *4 (E.D.N.Y. May 20, 2015), *adopted by*, 2015 WL 3620364, at *1 (E.D.N.Y. June 9, 2015). Section 195(3) requires an employer to furnish an employee with a wage statement containing numerous pieces of information about an employee's rate and basis of pay (including "the number of regular hours worked[ ] and the number of overtime hours worked"), any allowances and deductions, and information about the employer each time that the employee is paid. NYLL § 195(3); *see Perez v. Merrick Deli & Grocery, Inc.*, 2015 WL 4104790, at *3 (E.D.N.Y. July 8, 2015).

It is well-settled that a failure to furnish a written notice or a wage statement is a violation of the NYLL. *E.g.*, *Zheng*, 2017 WL 758489, at *5 (written notice); *Perez*, 2015 WL 4104790, at *3 (wage statement). Plaintiff sufficiently alleges that neither the written notices nor the wage statements were provided to him by Shorty's Seafood or Ji. Compl. ¶¶ 90-97; Hui Decl. ¶¶ 10, 11. Accordingly, I respectfully recommend that the Court find Shorty's Seafood and Ji liable for violating NYLL §§ 195(1) and 195(3).

Plaintiff seeks $10,000.00 in damages for written notice and wage statement violations. Regarding the written notice requirement under NYLL § 195(1), the versions of NYLL § 198 that were effective from April 9, 2011 to February 26, 2015, and from February 27, 2015 to January 18, 2016 only permit an employee to obtain damages for written notices that were not provided to the employee within ten days of the start of his employment. NYLL § 198(1-b) (effective Feb. 27, 2015 to Jan. 18, 2016); NYLL § 198(1-b) (effective Apr. 9, 2011 to Feb. 26, 2015). In the former period, during which Plaintiff was hired, an employee would only be awarded damages of $50.00 for each work week the violation occurred or continued to occur, up to $2,500.00. NYLL § 198(1-b) (effective Apr. 9, 2011 to Feb. 26, 2015).[12] Plaintiff has never received written notice as required by NYLL § 195(1), so he is entitled to $2,500.00 in damages.

Turning to the wage statement requirement, the version of Section 198(1-d) that was effective from April 9, 2011 to February 26, 2015 provides that an employee who does not receive a wage statement required by NYLL § 195(3) shall recover $100.00 per week, up to $2,500.00, while the version of that section that was effective from February 27, 2015 to January 18, 2016 provides that an employee who does not receive a wage statement shall recover $250.00 per work day that the violation occurred or continued to occur, up to $5,000.00. *See* NYLL § 198(1-d) (effective Feb. 27, 2015 to Jan. 18, 2016); NYLL § 198(1-b) (effective Apr. 9, 2011 to Feb. 26, 2015). Applying the latter provision to the period of Plaintiff's employment from February 27, 2015 to April 30, 2015, Plaintiff is entitled to $5,000.00 in damages because

---

[12]     The version of NYLL § 198(1-b) effective from February 27, 2015 through the end of Plaintiff's employment permitted recovery up to $5,000.00. NYLL § 198(1-b) (effective Feb. 27, 2015 to Jan. 18, 2016). But this section has not been applied retroactively, so I apply the provision effective as of Plaintiff's hiring because it relates specifically to the notice that is required to be provided when an employee begins work. *See Saucedo v. On the Spot Audio Corp.*, 2016 WL 8376837, at *14 n.14 (E.D.N.Y. Dec. 21, 2016), *adopted by*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017).

21

he has sufficiently alleged that he never received a wage statement as required.[13] *See Morales v. MW Bronx, Inc.*, 2016 WL 4084159, at *10 & App'x C (S.D.N.Y. Aug. 1, 2016).

Accordingly, I respectfully recommend that Plaintiff be awarded $7,500.00 in damages for written notice and wage statements, comprising $2,500.00 for violations of NYLL § 195(1) and $5,000.00 for violations of NYLL § 195(3).[14]

### 6.   Prejudgment Interest

Plaintiff seeks prejudgment interest calculated at a rate of 9% per annum on his New York state law claims pursuant to CPLR 5004. Dkt. No. 15-5 (Computation of Damages); Dkt. No. 14 (Memorandum in Support), at 10-11. It is well-settled that prejudgment interest is not available under the FLSA. *Fermin*, 93 F. Supp. 3d at 48. However, the Second Circuit has held that liquidated damages and prejudgment interest do not serve the same purpose under the NYLL, so prevailing plaintiffs may recover both on NYLL claims. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

Under New York law, prejudgment interest is "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." CPLR 5001(b); *accord Saucedo*, 2016 WL 8376837, at *16 (using reasonable intermediate date when NYLL damages occurred over time); *see also Israel v. Benefit Concepts New York, Inc.*, 9 F. App'x 43, 45 (2d Cir. 2001) (summary

---

[13]     Unlike NYLL § 195(1), this provision relates to wage statements that an employer must provide throughout an employee's tenure.
[14]     Damages for wage statement and written notice violations are not subject to liquidated damages under the NYLL. *Guaman*, 2015 WL 3620364, at *10 n.6.

order) (failing to utilize a single reasonable intermediate date or to calculate from each date damages were incurred "affords the plaintiff a windfall, and hence penalizes the defendant, in contravention of the compensatory purpose of [CPLR] 5001") (citation omitted).

Plaintiff requests that December 1, 2014—ostensibly the midpoint of Plaintiff's full-time work, *i.e.* between July 1, 2014 and April 30, 2015—be used to calculate the total amount of interest due on his NYLL damages. *See* Dkt. No. 15-5 (Computation of Damages); Dkt. No. 14 (Memorandum in Support), at 10-11. "'Calculating interest from this date would yield a smaller interest award than using numerous dates, in [a month-by-month calculation] . . . . As Plaintiff is thus proposing a conservative approach, which would yield less interest than that to which [he] is entitled,' I respectfully recommend that [his] approach be adopted." *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL 5723982, at *7 (E.D.N.Y. Sept. 14, 2016) (citations omitted), *adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016); *see also Andrade v. 168 First Ave. Rest. Ltd.*, 2016 WL 3141567, at *10 (S.D.N.Y. June 3, 2016) ("The Court cannot award plaintiffs more than they seek.") (citation omitted), *adopted by*, 2016 WL 3948101 (S.D.N.Y. July 19, 2016).

Accordingly, I will calculate the 9% per annum simple interest from December 1, 2014. The total of the unpaid wages under the NYLL[15] owed to Plaintiff is $12,894.46. This means that Plaintiff is entitled to prejudgment interest in the amount of $1,160.50 per year, or approximately $3.18 per day. As of the date of this report and recommendation, 1,010 days have passed since December 1, 2014. Therefore, I respectfully recommend that Plaintiff be awarded $3,211.25 in prejudgment interest.

---

[15]    Plaintiff's claim for tools of the trade expenditures was brought solely pursuant to the FLSA. *See* Compl. ¶¶ 99-101; *see also* Dkt. No. 14 (Memorandum in Support), at 10.

D.      **Attorney's Fees, Costs, and Disbursements**

1.      Attorney's Fees

Plaintiff seeks an award of attorney's fees in the amount of $8,974.00. Dkt. No. 15-6, at 1 (Attorney Time Records). Both the FLSA and the NYLL authorize the Court to award Plaintiff his reasonable attorney's fees. 29 U.S.C. § 216(b); NYLL § 198. The same analysis applies to determine the fee under both statutes. *See Mahoney*, 2016 WL 6585810, at *17 (citation omitted). "Courts in this circuit assess fee applications using the 'lodestar method,' under which a reasonable hourly rate is multiplied by a reasonable number of hours expended." *Gesualdi v. Mack Excavation & Trailer Serv., Inc.,* 2010 WL 985269, at *6 (E.D.N.Y. Feb. 12, 2010) (citations omitted), *adopted as modified by,* 2010 WL 985294 (E.D.N.Y. Mar. 15, 2010).

The reasonable hourly rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . . where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 190 (2d Cir. 2007) (internal quotation marks and citation omitted); *see King v. STL Consulting, LLC,* 2006 WL 3335115, at *7 (E.D.N.Y. Aug. 29, 2006), *adopted by*, 2006 WL 3335115 (E.D.N.Y. Oct. 3, 2006). A party seeking attorney's fees bears the burden of supporting his claim of hours spent by furnishing accurate, detailed, and contemporaneous time records. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). A district court has broad discretion to assess the ultimate reasonableness of each component of a fee award. *Lopez*, 2015 WL 1469619, at *12 (citation omitted).

In this case, Plaintiffs seek reimbursement for two attorneys, Jian Hang and Keli Liu, attorneys at the firm of Hang & Associates, PLLC. Mr. Hang is a principal of the firm and has been in practice for more than ten years. Dkt. No. 15 (Declaration of Jian Hang), ¶¶ 36, 37. Mr.

24

Hang spends approximately 70% of his time working on employment cases, and a significant percentage of his practice is specifically devoted to wage and hour litigation. *Id.* ¶¶ 37-39, 41. No information is provided about Ms. Liu other than that she is an "Associate." Dkt. No. 14 (Memorandum in Support), at 14. Plaintiff seeks an hourly rate of $350.00 for Mr. Hang's time and $250.00 for Ms. Liu's time. Dkt. No. 15-6, at 1 (Attorney Time Records).

      Reasonable hourly rates for wage and hours cases in this District have generally been set at approximately $300.00 to $400.00 for partners and $100.00 to $300.00 for associates. *E.g.*, *Saucedo*, 2016 WL 8376837, at *18; *Ferrera v. Tire Shop Ctr.*, 2016 WL 7626576, at *5 (E.D.N.Y. Oct. 14, 2016), *adopted by*, 2017 WL 27946 (E.D.N.Y. Jan. 3, 2017); *Cortes v. Warb Corp.*, 2016 WL 1266596, at *6 (E.D.N.Y. Mar. 15, 2016), *adopted by*, 2016 WL 1258484 (E.D.N.Y. Mar. 30, 2016). Considering Mr. Hang's experience and recent decisions in this District, I respectfully recommend that the Court find Mr. Hang's hourly rate of $350.00 to be reasonable. *Tan v. Voyage Express Inc.*, 2017 WL 2334969, at *9 (E.D.N.Y. Apr. 25, 2017), *adopted by*, 2017 WL 2334969, at *1 (E.D.N.Y. May 25, 2017) (awarding Mr. Hang $350.00 per hour); *Zhang v. Red Mountain Noodle House Inc.*, 2016 WL 4124304, at *6 (E.D.N.Y. July 5, 2016) (finding Mr. Hang's $350.00 hourly rate reasonable), *adopted by*, 2016 WL 4099090 (E.D.N.Y. Aug. 2, 2016); *see also Ferrera*, 2016 WL 7626576, at *5 (recommending experienced FLSA attorney receive $350.00 per hour); *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 312-14 (E.D.N.Y. 2015) (reducing lead partner's rate to $350.00 per hour and junior partner's rate to $200.00 per hour); *Fermin*, 93 F. Supp. 3d at 52 (recommending that attorney with over 16 years of experience be awarded $350.00 per hour). Because no information has been provided to support the hourly rate of Ms. Liu, I respectfully

recommend that her rate be reduced to the lowest associate rate in the range, $100.00 per hour. *See Cortes*, 2016 WL 1266596, at *6.

Mr. Hang and Ms. Liu spent a combined 24.9 hours working on this case. Dkt. No. 15-6, at 1 (Attorney Time Records). Having reviewed the contemporaneous billing records filed with the Court, the amount of time spent is reasonable. *Tan*, 2017 WL 2334969, at *9 (finding 25.2 hours spent by Mr. Hang on FLSA default judgment case reasonable); *accord Lopez*, 2015 WL 1469619, at *13 (recommending that a total of 42.1 hours be found reasonable in FLSA default judgment case). *But see Chen v. JP Standard Constr. Corp.*, 2016 WL 2909966, at *16 (E.D.N.Y. Mar. 18, 2016) ("[T]he Court questions why [Mr. Hang] spent almost six hours to research and draft a fairly straightforward, bare-bones complaint[.]"), *adopted by*, 2016 WL 2758272 (E.D.N.Y. May 12, 2016). Accordingly, I respectfully recommend that Plaintiffs be awarded total attorney's fees of $8,615.00, based on Mr. Hang's 24.5 hours working on this matter at an hourly rate of $350.00 and Ms. Liu's 0.4 hours working on this matter at an hourly rate of $100.00.

### 2.   Costs and Disbursements

Plaintiff also requests $453.45 in costs and disbursements, comprising $400.00 for a filing fee and $53.45 for service of process.[16] *See* Dkt. No. 15-6, at 1 (Attorney Time Records); Dkt. No. 14 (Memorandum in Support), at 15. Awarding costs is authorized by the FLSA and the NYLL. 29 U.S.C. § 216(b); NYLL § 198. However, such costs should only be awarded when

---

[16]     The attorney time records indicate that $453.45 is the cost of the filing fee and process server fee (*see* Dkt. No. 15-6, at 1), but invoices are provided for the following costs: $400.00 for a filing fee; $91.00 for service upon Shorty's Seafood via the New York Secretary of State; and $62.45 for service upon Ji. *See* Dkt. No. 15-6, at 2-6 (Invoices). Despite these records, the Court declines to recommend the recovery of amounts that are not requested. *See* Dkt. No. 15-6, at 1 (Attorney Time Records); Dkt. No. 14 (Memorandum in Support), at 15; Dkt. No. 15 (Declaration of Jing Hang), ¶ 45.

they are tied to "identifiable, out-of-pocket disbursements." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 394 (E.D.N.Y. 2012). As court filing fees and service of process fees are routinely recoverable, I respectfully recommend that Plaintiffs be awarded $453.45 in costs and disbursements. *See Zurita v. High Definition Fitness Ctr., Inc.*, 2016 WL 3619527, at *11 (E.D.N.Y. June 9, 2016), *adopted by*, 2016 WL 3636020 (E.D.N.Y. June 29, 2016); *Fermin*, 93 F. Supp. 3d at 52.

## III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court grant plaintiff Ming Hui's motion for default judgment against defendants Shorty's Seafood Corp. and Hua Long Ji and hold them jointly and severally liable for a judgment awarding Plaintiff $46,168.62, comprising: (i) $37,100.17 in damages and prejudgment interest; (ii) $8,615.00 in attorney's fees; and (iii) $453.45 in costs and disbursements. I further recommend that all claims against defendants Lufei Lee and John/Jane Does #1-10 be dismissed.

Plaintiff's counsel is directed to serve copies of this Report and Recommendation upon defendants Shorty's Seafood Corp. and Hua Long Ji at their respective last known address and to file proof of service with the Court within ten (10) days of the date of filing of this Report and Recommendation.

## IV.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and

Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                            /s/
                                               Steven L. Tiscione
                                               United States Magistrate Judge
                                               Eastern District of New York

Dated: Brooklyn, New York
       September 6, 2017